IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO ANCONA, | * | |
| Plaintiff | * | |
| v. | * | |
| | | CIVIL NO. JKB-18-1338 |
| PARAGON INT'L WEALTH MGMT.,<br>INC., *et al.,* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court are two motions in which Plaintiff requests default judgments against Paragon International Wealth Management, Inc. ("Paragon"), James F. Gagliardini, and Edward Rosenberg. (ECF Nos. 43, 61.) In both motions, Plaintiff asserts the amount of damages claimed is a sum certain pursuant to Federal Rule of Civil Procedure 55(b)(1). If that were so, then it would be appropriate for the Clerk to enter default judgments for the sum certain. But Plaintiff is mistaken. A sum certain relates to liquidated damages; however, the damages Plaintiff is claiming are unliquidated damages. He has asserted causes of action of common law fraud, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of the Maryland Consumer Protection Act ("MCPA"), trover and conversion, and violation of "Section 10(b)5 of the Securities and Exchange act.[1]" (Am. Compl., ECF No. 13.) None of these causes of action has a sum certain attached to it within the meaning of Rule 55(b)(1).

Under Rule 8(b)(6), well-pled factual allegations pertaining to liability are deemed admitted by a defendant who fails to deny them when served with a complaint, but allegations as

---

[1] The Court presumes the Plaintiff refers to Rule 10b-5, promulgated pursuant to Section 10(b) of the Securities Exchange Act.

to the amount of damages are not deemed admitted. Thus, although the Clerk has entered defaults against the three above-referenced Defendants, the fact of default does not entitle Plaintiff to have default judgments entered. Rather, a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true." *Thomson v. Wooster*, 114 U.S. 104, 113 (1884). "'The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . The defendant is not held . . . to admit conclusions of law.'" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). It is the court's task, therefore, to "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780. Mere default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206; *see also DirecTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (*per curiam*). Moreover, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 793-94 (D. Md. 2010). The Court may also hold a hearing on the request for default judgment. Fed. R. Civ. P. 55(b)(2) (if sum not certain or ascertainable through computation, court may hold hearing to "conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter").

The factual allegations in the amended complaint, taken as true and deemed admitted, indicate various Defendants solicited money from Plaintiff on repeated occasions for the purpose

2

of investing in high-value jewelry, to be resold at a profit to third parties. Plaintiff paid large sums of money for this purpose, but has not received that for which he bargained. What jewelry was sent to him was appraised for much less than the value purportedly assigned to the jewelry by Defendants. Other jewelry has never been sent to him, and Defendants did not respond to his requests for refunds. The complaint names three individuals, Rosenberg, Gagliardini, and Michael Shumak as principals of Paragon, and alleges that all transactions occurred through Paragon. While the complaint provides specific allegations from which one can infer wrongdoing by Rosenberg and Shumak, it refers only tangentially to Gagliardini and merely alleges he conspired with the others. Plaintiff's prayers for relief ask for $1 million in compensatory damages and an undetermined amount of punitive damages on the fraud count; "three times the damages described in [Count I]" on the civil RICO count; $1 million in damages plus costs and attorney's fees on the MCPA count as well as the trover and conversion count; and $1,700,000 plus interest, costs, and attorney's fees on the securities law violations.

The factual allegations deemed admitted establish common law fraud by Rosenberg and Paragon. They do not provide a sufficient basis for assessing liability against Gagliardini, at least without explanation on how the Court should infer him to be liable. Additionally, Plaintiff has not provided briefing that adequately elucidates for the Court the bases for the other causes of action.[2] Finally, Plaintiff's single affidavit listing the payments he made to Paragon is insufficient to permit the Court to calculate an appropriate award. *See, e.g., Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 606 (D.N.J. 2016) (finding evidence insufficient to sustain

---

[2] The Court hesitates to enter default judgment on claims which result in such high penalties. *See, e.g., Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988) (concluding that "pleading requirements should be enforced strictly when default judgments are sought under RICO" because "the monetary penalty for failure to answer [is] greatly enhanced by the provisions for treble damages" and "a defendant's reputation may be stigmatized").

Plaintiff's default judgment motion as to damages where evidence listed withdrawals from a bank account but failed to cite "any invoices or other documentary evidence").

To properly assess the worth of Plaintiff's requests for default judgment, it will be necessary for the Court to hold an evidentiary hearing at which Plaintiff has the opportunity to present his evidence establishing an entitlement to the damages he claims. Prior to the hearing, Plaintiff will be required to brief the Court on the elements of the various causes of action and the evidence to support each element.

Accordingly, it is hereby ORDERED:

1. This matter is set in for a hearing on _August 22_____, 2019, at _10:00 am_ in Courtroom _3D_, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, to receive evidence pertaining to Plaintiff's motions for default judgment.

2. On or before thirty days prior to the hearing, Plaintiff shall file his prehearing brief, as explained above. Plaintiff shall serve by mail a copy of his prehearing brief on each Defendant against whom judgment is sought and shall file proof of same.

3. Within seven days of this order's date, Plaintiff shall serve by mail his motions for default judgment on those against whom he seeks judgment and shall file proof of same.

4. The Clerk shall send a copy of this memorandum and order to Paragon, Gagliardini, and Rosenberg.

DATED this _28_ day of May, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge

4