IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ANTONIO ANCONA, | * |
|---|---|
| Plaintiff | * |
| v. | * CIVIL NO. JKB-18-01338 |
| PARAGON INT'L WEALTH MGMT., INC., et al., | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Antonio Ancona sued Paragon International Wealth Management and three of its employees—Michael Shumak, Edward Rosenberg, and James F. Gagliardini—for five counts involving fraud. Currently pending before the Court is Ancona's motion to postpone the hearing scheduled for August 22, 2019. (ECF No. 70.) For the reasons set forth below, the Court will postpone the hearing as well as dismiss all five counts as to Gagliardini.

## I. *Background*

### A. *Procedural History*

Ancona filed suit in May 2018. (Compl., ECF No. 1.) Since that time, Paragon, Rosenberg, and Gagliardini have failed to respond to the complaint, and the Clerk entered their default. (Entry of Default, ECF No. 47; Entry of Default, ECF No. 51.) Shumak did respond to the allegations and moved to stay pending a Canadian criminal prosecution against him and his co-defendants. (Answer, ECF No. 40; Motion to Stay, ECF No. 41.) This Court granted the stay, which is set to expire on December 1, 2019. (Order, ECF No. 60.) Ancona moved for default judgment against the other three defendants. (Rule 55(b)(1) Mot., ECF No. 43; Rule 55(b)(2) Mot., ECF No. 61.)

The Court requested additional briefing from Ancona and scheduled a hearing on default judgment to determine both liability and damages. (Memo. & Order, ECF No. 63.) Ancona submitted pretrial briefing as requested. (Pretrial Memo., ECF No. 67.) Then, Ancona requested that the hearing be postponed in light of forthcoming evidence. (Mot. Postpone, ECF No. 70.)

That is how the case currently stands. In considering Ancona's request to postpone, the Court also summarizes the allegations of the complaint and resolves any issues that can be resolved without a hearing. *See* Local Rule 105.6 (D. Md. 2018.)

### B. Factual Allegations

By their default, Paragon, Rosenberg, and Gagliardini are held to have admitted Ancona's well-pleaded factual allegations. *Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mechanical, Inc.*, Civ. No. JKB-17-3690, 2019 WL 2146916, at *2 (D. Md. May 16, 2019) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

Ancona is a registered engineer who resides in Annapolis Maryland. (Am. Compl. ¶ 1, ECF No. 13.) Paragon purports to be a Canadian investment service and seller of colored diamonds and other jewelry, which could be sold to customers for personal use or resale by Paragon. (*Id.* ¶ 2.) Ancona alleges that Rosenberg, Shumak, and Gagliardini are employees and agents of Paragon. (*Id.* ¶ 3–5.)

In July 2015, Paragon solicited Ancona's business, offering to sell Ancona "jewelry which was supposedly GIA certified, as to value, for both personal uses and as an investment asset." (*Id.* ¶ 6.) From that time forward, Ancona "became an occasional purchaser," buying jewelry from Paragon's employees, including Shumak. (*Id.*) In March 2016, Shumak contacted Ancona and informed him that ten diamonds worth $546,250 were available for only $200,000. (*Id.* ¶ 7.) Shumak offered to hold the jewelry for safekeeping until the jewelry could be resold at greater

2

value. (*Id.*) Relying on his past purchases with Ancona and Shumak's representations, Ancona agreed and purchased the ten diamonds. (*Id.*)

Approximately one year later, Rosenberg, representing himself as a Paragon employee, contacted Ancona and informed him that several pieces of diamond jewelry worth $3,150,000 were available for only $578,836.51. (*Id.* ¶ 8.) Rosenberg proposed that Ancona purchase the jewelry and that Rosenberg would resell it at a greater cost. (*Id.* ¶ 9.) When Ancona questioned the price reduction, Rosenberg explained that the intended purchaser had reneged on a contract and lost the right to buy the jewelry. (*Id.* ¶ 8, 11.) Rosenberg also sent Ancona a picture of the jewelry and an appraisal, declaring the aggregate value to be $5,479,000.75. (*Id.* ¶ 11.) After initially saying that he did not have the funds to purchase the jewelry, Ancona decided to purchase it—selling stock, withdrawing his savings, and charging his credit cards to make more of his funds available. (*Id.* ¶ 12.) In April 2017, Ancona received the jewelry in an armored truck. (*Id.* ¶ 13.)

In July 2017, Shumak began evading Ancona's emails and phone calls. (*Id.* ¶ 14.) When Ancona asked Rosenberg about Ancona's purchases with Shumak, Rosenberg said that he knew nothing about those purchases and would not answer any other questions. (*Id.*) Ancona demanded that Rosenberg sell the jewelry he received in April, but Rosenberg said that resale deals kept falling through. (*Id.* ¶ 15.) At this time, Paragon was holding several other items of jewelry, which Ancona had purchased for $166,170. (*Id.* ¶ 16.) Ancona had the Paragon jewelry that he had in his possession appraised independently and discovered that it was "costume jewelry" and that he had paid "more than $400,000 in excess of its real value." (*Id.*) Ancona again attempted to contact Shumak for delivery of the jewelry in Shumak's possession, but Shumak did not respond. (*Id.* ¶ 18.) No one at Paragon refunded Ancona for the items of jewelry that he purchased and never received. (*Id.* ¶ 20.) No one at Paragon reimbursed Ancona for overcharging him in general. (*Id.*)

3

Ancona alleges that Rosenberg, Shumak, and Gagliardini have been criminally indicted in Toronto, Canada for fraud perpetrated against other individuals in the United States and Canada between 2015 and 2018. (*Id.* ¶ 21.)

## II. *Discussion*

Ancona makes five claims: that defendants (1) committed common law fraud; (2) comprised an enterprise furthering racketeering activity in violation of 18 U.S.C. § 1961, *et seq.*; (3) engaged in unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301; (4) perpetrated a conversion of property; and (5) violated § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. In its prior ruling, the Court concluded that Ancona had alleged common law fraud but requested briefing on how Gagliardini could be held liable based on the allegations and how Ancona sufficiently alleged the remaining four counts. (Memo. & Order.) Ancona submitted the additional briefing and moved to postpone the hearing. The Court first turns to postponement.

Ancona moves to postpone because new evidence has emerged bearing on the defendants' liability and the extent of the damages. (Mot. Postpone at 2.) The Court will grant Ancona's motion to postpone allowing Ancona to gather this evidence, but the postponement may be longer than Ancona has requested. It is important to postpone this matter for another consideration. "[D]efault judgment cannot be entered against a subset of defendants charged with joint and/or several liability when claims remain pending against one or more defendants." *Flores v. Env't Trust Sols., Inc.*, Civ. No. PWG-15-3063, 2018 WL 2237127, at *4 (D. Md. May 16, 2018); *see also Mickerson v. Am. Brokers Conduit*, Civ. No. TDC-17-1106, 2018 WL 1083640, at *8 (D. Md. Feb. 28, 2018) ("Just as it would be inappropriate to grant a default judgment against one defendant, only to then dismiss the same claims against similarly situated defendants on the merits,

4

it would be inappropriate to grant a motion to dismiss for several defendants but later order a default judgment against a similarly situated party."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (4th ed. 2019) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). Because Ancona charged the defendants with joint and several liability and this Court stayed proceedings against Shumak, one of the four defendants, it would be improper to determine liability and damages as to the other defendants. Shumak must have the opportunity to defend.

For clarity and efficiency, the Court now turns to any issues that may be resolved on the papers at this time. Here, Ancona has moved for default judgment. Entry of default against defendants does not alone entitle a plaintiff to judgment as of right. *Trustees of Heating, Piping & Refrigeration Pension Fund*, 2019 WL 2146916, at *2 (citing *Ryan*, 253 F.3d at 780). Thus, it is up to courts to determine whether the conceded facts support the relief that plaintiff has requested. *Id.* First, the court decides whether the unchallenged allegations of fact constitute legitimate causes of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). "If liability is established, the court then makes an independent determination of damages." *Id.* The defaulting parties admit all allegations as to liability but not allegations as to amount of damages. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010). Consequently, a court may determine the legitimacy of the cause of action on the basis of the allegations alone but may choose to conduct a hearing for additional proof of facts or damages to ensure that the requested relief is appropriate. *See* Fed. R. Civ. P. 55(b)(2); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (holding "there

[was] no need to convene a formal evidentiary hearing on the issue of damages" where plaintiff had provided evidence in the form of affidavits, electronic records, and itemized billing invoices).

While Ancona put forward robust factual allegations related to Paragon, Shumak, and Rosenberg, the complaint, summarized above, contains no specific factual allegations related to Gagliardini. In its prior ruling, the Court flagged this deficiency for Ancona and requested an "explanation on how the Court should infer [Gagliardini] to be liable." (Memo. & Order at 3.) Ancona responded by merely inviting the Court to reconsider those same allegations, stating that Gagliardini was an agent of Paragon and conspired with the other defendants. (Pretrial Memo. at 2.) These are conclusory statements, rather than specific factual allegations, and, as such, they need not be taken as true. Ancona also points to the allegation that Gagliardini has been criminally indicted in Toronto, (*id.*), a fact which does not assist this Court in assessing whether Ancona has carried his burden of establishing the elements of the alleged counts here. In light of such sparse allegations and no explanation as to how Gagliardini could be inferred to be liable, the Court concludes that Ancona has failed to put forward any legitimate cause of action as to Gagliardini and will dismiss the five counts against him.

The Court declines to rule on whether the remaining defendants—Paragon, Shumak, and Rosenberg—are liable and whether, and to what extent, they owe damages until the Court can assess their liability together. Therefore, Ancona's motion to postpone the August 22, 2019 hearing will be granted. The hearing will be postponed pending Shumak's stay, which is currently set to expire on December 1, 2019.

### III. Conclusion

An Order shall enter dismissing all counts as to Gagliardini and staying consideration of a hearing on default judgment until the stay as to Shumak is lifted.

DATED this 19 day of August, 2019.

BY THE COURT:

James K. Bredar
Chief Judge